# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **DANIEL LALOWSKI,** | ) |
| | ) **No.** |
| **Plaintiff,** | ) |
| | ) **Judge** |
| v. | ) |
| | ) |
| **CORINTHIAN SCHOOLS, INC.,** | ) |
| and **CORINTHIAN COLLEGES, INC.** | ) **Jury Trial Demanded** |
| d/b/a **EVEREST COLLEGES,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## COMPLAINT

Plaintiff, Daniel Lalowski, by and through his attorney, complains of Defendants Corinthian Schools, Inc. and Corinthian Colleges, Inc. d/b/a Everest Colleges, as follows:

## NATURE OF THE ACTION

1. This is an action for damages brought by Plaintiff, Daniel Lalowski, under Title VII of the Civil Rights Act of 1964, as amended, and Title IX of the Education Amendments of 1972, to redress unlawful retaliation for bringing a previous lawsuit under Title VII and Title IX, under Illinois common law, and to make Plaintiff whole.

## JURISDICTION

2. Federal question jurisdiction is based upon 28 U.S.C. §1331, and 28 U.S.C. §1343(a); supplemental jurisdiction is based upon 28 U.S.C. §1367(a).

3. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff will exhaust his administrative remedies under Title VII of the Civil Rights Act upon receipt of his Notice of Right to Sue.

## VENUE

4. This action properly lies in this district pursuant to 28 U.S.C. §1391 because the events giving rise to this claim occurred in this judicial district.

## PARTIES

5. Plaintiff, DANIEL LALOWSKI (hereinafter "Plaintiff"), is a male citizen of the State of Illinois.

6. Defendant CORINTHIAN SCHOOLS, INC. (hereinafter "Defendant Corinthian Schools") and Defendant CORINTHIAN COLLEGES, INC. (hereinafter "Defendant Corinthian Colleges") d/b/a EVEREST COLLEGE during the relevant timeframe, were post-secondary education corporations authorized to do business in Illinois, including running a campus in Bedford Park, Illinois.

7. At all times relevant hereto, Defendants each employed more than fifteen (15) employees and were engaged in an industry affecting commerce.

8. At all times relevant hereto, Defendants were educational institutions receiving financial assistance from the federal government.

## FACTS

9. Plaintiff began his employment with Defendants on or about May 7, 2007.

10. Plaintiff's daily job duties included, *inter alia*, meeting with prospective students, taking prospective students on tours, explaining financial aid packages, and other admissions related duties.

11. Throughout his employment Plaintiff performed his duties at or above his employers' legitimate expectations, consistently getting merit based raises and promotions, and receiving the highest honors including being sent to Parthenon for excellence.

12. In 2008 through 2009, Plaintiff received multiple student complaints against Stanley Lofton, the Director of Admissions, alleging sexual harassment, including *inter alia* that Mr. Lofton inappropriately touched and kissed multiple female students without their consent.

13. Plaintiff reported Mr. Lofton's sexual harassment to Jeffrey Jarms, President.

14. President Jarms took no corrective or remedial action against Mr. Lofton and the sexual harassment continued against different female students.

15. After President Jarms took no corrective action, Plaintiff reported Mr. Lofton's sexual harassment to Jennifer Paugh, Director of Education.

16. Ms. Paugh also took no corrective or remedial action against Mr. Lofton.

17. Instead, two days after reporting the sexual harassment, on January 9, 2009, Plaintiff was terminated from employment in retaliation for reporting the student complaints of sexual harassment.

18. Following his termination, Plaintiff filed an EEOC Charge of Discrimination alleging retaliation and, on March 26, 2010, after receiving his Notice of Right to Sue, filed a Complaint in federal court against Defendants alleging retaliation in violation of Title VII and Tile IX, Case No. 10-cv-01928 before Judge Leinenweber.

19. In August 2012, a jury returned a verdict in favor of Plaintiff on the Title IX claim and awarded damages.

20. Pursuant to his post-trial motion, Judge Leinenweber awarded Plaintiff further damages and ordered Defendants to reinstate Plaintiff to his former position.

21. Despite Judge Leinenweber's order, Defendants aggressively objected to reinstating Plaintiff.

22. Indeed, for almost a year after Judge Leinenweber ordered Defendants' to

reinstate Plaintiff, Defendants vehemently fought against Plaintiff's reinstatement including by filing numerous post-trial motions, and even filed a Seventh Circuit appeal to reverse the verdict and relief ordered.

23. Surprisingly, however, just as negotiations at the Seventh Circuit mediation seemed doomed to fail, Defendants dramatically reversed their position and were seemingly willing to settle the case with a provision reinstating Plaintiff.

24. Pursuant to Judge Leinenweber's order and settlement between the parties, Plaintiff was reinstated on September 18, 2013.

25. The contract between Plaintiff and Defendants required that Plaintiff be treated as though employed continuously from his original employment date of May 7, 2007.

26. When Plaintiff returned to work for Defendants, upper management and human resources personnel were aware of his lawsuit.

27. Unfortunately, shortly after resuming his position, it became abundantly clear why Defendants were so willing to reverse their previously uncompromising objection to Plaintiff's reinstatement – because they never planned on allowing him to actually remain employed.

28. Immediately after returning, Defendants treated Plaintiff disparately than other employees who had not filed previous lawsuits, and treated Plaintiff as if he had no seniority.

29. On February 24, 2014, Defendants once again terminated Plaintiff's employment in blatant retaliation for filing his previous lawsuit.

30. Defendants asserted pretextual reason for terminating Plaintiff was because of a claimed job restructuring.

31. However, other than Plaintiff, only the most recent hires were removed.

32. At his date of termination, Plaintiff had the most years of service of any employee in his department, yet, others who did not exercise rights under Title VII or Title IX and who had less service time, were retained.

33. Defendants' actions are in direct violation of federal and state law. As a result of Defendants' unlawful conduct, Plaintiff has suffered lost wages and other benefits, loss of professional opportunities, emotional distress, embarrassment, pain, suffering, humiliation, anxiety, damage and risk of damage to his career and reputation, loss of enjoyment of life, inconvenience and other non-pecuniary losses.

## COUNT I
## RETALIATION IN VIOLATION OF TITLE VII

34. Plaintiff re-alleges paragraphs 1 through 33 and incorporates them as if fully set forth herein.

35. Title VII of the Civil Rights Act of 1991, specifically 42 U.S.C. §2000(e)(3), makes it unlawful for an employer to discriminate or retaliate against any employee because he has opposed any unlawful employment practice or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing pursuant to Title VII.

36. By its conduct as alleged herein, Defendants discriminated and retaliated against Plaintiff for exercising his rights under Title VII.

37. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliatory conduct.

38. As a result of Defendants' unlawful conduct, Plaintiff has lost wages and other benefits, has suffered emotional distress, suffering, embarrassment, and humiliation, and his career has been damaged as a result of Defendants' conduct; Plaintiff has suffered loss of enjoyment of life, inconvenience and non-pecuniary losses as a direct result of Defendants' conduct.

39. Plaintiff demands to exercise his right to a jury trial of this matter.

**WHEREFORE**, Plaintiff respectfully request that this Court enter judgment in his favor and against Defendants on Count I and that it:

- a) Declare that Defendants' conduct was in violation of Title VII of the Civil Rights Act as amended;
- b) Award Plaintiff the value of the compensation lost and benefits lost as a result of Defendants' unlawful conduct;
- c) Award Plaintiff the value of compensation and benefits he will lose in the future as a result of Defendants' unlawful conduct;
- d) Award Plaintiff damages for emotional distress and compensatory damages;
- e) Award Plaintiff punitive damages;
- f) Award Plaintiff reasonable attorney's fees, costs and disbursements;
- g) Enjoin Defendants and all officers, agents, employees and all persons in active concert or participation with them from engaging in any unlawful employment practice;
- h) Enjoin Defendants and all officers, agents, employees and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and
- i) Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE IX

40. Plaintiff realleges paragraphs 1 through 33 and incorporates them as fully set forth herein.

41. Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 et seq., makes it unlawful for an employer who received federal education funding to discriminate or retaliate against persons who oppose sexual harassment or discrimination.

42. By its conduct as alleged herein, Defendants discriminated and retaliated against Plaintiff for exercising his rights under Title IX.

43. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliatory conduct.

44. As a result of Defendants' unlawful conduct, Plaintiff has lost wages and other benefits, has suffered emotional distress, suffering, embarrassment, and humiliation, and his career has been damaged as a result of Defendants' conduct; Plaintiff has suffered loss of enjoyment of life, inconvenience and non-pecuniary losses as a direct result of Defendants' conduct.

45. Plaintiff demands to exercise his right to a jury trial of this matter.

**WHEREFORE**, Plaintiff respectfully request that this Court enter judgment in his favor and against Defendants on Count II and that it:

a) Declare that Defendants' conduct was in violation of Title IX of the Education Amendments;

b) Award Plaintiff the value of the compensation lost and benefits lost as a result of Defendants' unlawful conduct;

c) Award Plaintiff the value of compensation and benefits he will lose in the future as a result of Defendants' unlawful conduct;

d) Award Plaintiff damages for emotional distress and compensatory damages;

e) Award Plaintiff punitive damages;

f) Award Plaintiff reasonable attorney's fees, costs and disbursements;

g) Enjoin Defendants and all officers, agents, employees and all persons in active concert or participation with them from engaging in any unlawful employment practice;

h) Enjoin Defendants and all officers, agents, employees and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

i) Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT III
## BREACH OF CONTRACT

46. Plaintiff realleges paragraphs 1 through 33 and incorporates them as fully set forth herein.

47. Defendants entered into a written settlement agreement with Plaintiff including in which Defendants agreed to reinstate Plaintiff's employment, to treat him as having a May 7, 2007 date of hire, and to not retaliate against him for his past protected activity, including for having filed his previous lawsuit, Case No. 10-cv-1928.

48. In consideration for Defendants' offer, Plaintiff agreed to enter into a mutual release of claims and to dismiss his underlying litigation.

49. By its conduct as described herein, Defendants breached the settlement agreement when they retaliated against Plaintiff and terminated him pursuant to a job restructuring when only the newest hires were subject to termination, and he was to be treated as having a hire date of May 2007 under the Agreement, which would not have placed him in the job elimination pool.

50. Plaintiff fully performed his obligations under the agreement.

51. Plaintiff has suffered significant damages on account of Defendants' breach.

52. Plaintiff demands to exercise his right to a jury trial of this matter.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants on Count III and that it:

- a) Declare that Defendants' conduct constitutes a breach of contract;
- b) Award Plaintiff the value of all compensation lost and benefits lost as a result of Defendants' unlawful conduct;
- c) Award Plaintiff the value of compensation and benefits Plaintiff will lose in the future as a result of Defendants' unlawful conduct;
- d) Award Plaintiff the value of pre-judgment interest;
- e) Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT IV
## FRAUD

53. Plaintiff realleges paragraphs 1 through 33 and incorporates them as fully set forth herein.

54. Defendants made false statements of material fact, including by promising to reinstate Plaintiff back in his former position after aggressively refusing to do so and promising not to retaliate against him.

55. Defendants specifically intended that their false statements would induce Plaintiff into to signing a general release of claims and to dismissing his prior lawsuit.

56. Plaintiff relied on Defendants' false statements whereby they promised to reinstate him to his former position and to not retaliate against him in signing a general release of claims and dismissing his prior lawsuit.

57. Plaintiff has suffered significant damages on account of Defendants' false statements.

58. Plaintiff demands to exercise his right to a jury trial of this matter.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants on Count IV and that it:

    a)    Declare that Defendants' conduct constitutes a fraudulent inducement;

    b)    Award Plaintiff the value of all compensation lost and benefits lost as a result of Defendants' unlawful conduct;

    c)    Award Plaintiff the value of compensation and benefits Plaintiff will lose in the future as a result of Defendants' unlawful conduct;

    d)    Award Plaintiff damages for emotional distress and compensatory damages;

    e)    Award Plaintiff punitive damages;

    f)    Award Plaintiff any and all further additional or alternative relief to which Plaintiff may be entitled as the court deems just in the premises.

Respectfully submitted,

By:    s/ M. Megan O'Malley
        Attorney for the Plaintiff

M. Megan O'Malley
Lindsey E. Goldberg
O'Malley & Madden, P.C.
542 So. Dearborn Street, Suite 660
Chicago, Illinois 60605
(312) 697-1382
momalley@ompc-law.com
ARDC # 6243598